Filed 9/23/25  Wonacott v. Thor Motor Coach CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte & Sacramento)

----

| | |
|---|---|
| JOSEPH MICHAEL WONACOTT et al., | C099248 |
| Plaintiffs and Appellants, | (Butte Super. Ct. No. 22CV01555) |
| v. | |
| THOR MOTOR COACH, INC., et al., | |
| Defendants and Respondents. | |
| ROXANNE EMMONS et al., | C100189 |
| Plaintiffs and Appellants, | (Sacramento Super. Ct. No. 34-2023-00335071-CU-BC-GDS) |
| v. | |
| FOREST RIVER, INC., et al., | |
| Defendants and Respondents. | |

1

Before us are two consolidated cases brought by two different sets of plaintiffs who purchased recreational vehicles (RVs) manufactured and sold by two different sets of defendants. Both RVs came with written warranties that stated lawsuits for breach of warranty must be brought in Indiana and would be governed by Indiana law. Both sets of plaintiffs sued the manufacturers and sellers in California, alleging violations of the Song-Beverly Consumer Warranty Act (Song-Beverly Act; Civ. Code, § 1790 et seq.), and one set of plaintiffs also alleged a violation of the Consumers Legal Remedies Act (CLRA; Civ. Code, § 1750 et seq.).[1] The Song-Beverly Act and the CLRA both state any waiver of their provisions is "contrary to public policy and shall be unenforceable and void." (§§ 1790.1, 1751.)

Both manufacturers moved to stay the actions based on the forum selection clause designating Indiana as the exclusive forum.[2] No doubt recognizing that plaintiffs asserted statutory rights that are unwaivable, both manufacturers agreed to stipulate that California law would apply, despite the choice of law clause stating Indiana law would apply. In both cases, the trial courts granted the motions to stay, finding the proffered stipulation was sufficient to demonstrate that litigating in Indiana would not diminish the plaintiffs' unwaivable statutory rights.

Two recent appellate decisions have considered the same warranties at issue in this case, and both concluded that enforcing the forum selection clause in reliance on a stipulation that California law would apply would violate public policy. (See *Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, review granted Jan. 15, 2025, S287893; *Hardy v. Forest River, Inc.* (2025) 108 Cal.App.5th 450, review granted

---

[1] Further undesignated statutory references are to the Civil Code.

[2] The sellers joined in the motions.

2

Apr. 30, 2025, S289309.)  We agree with the reasoning in both cases, and we thus reverse.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

Before describing the background of these cases, we briefly describe the Song-Beverly Act and the CLRA.  The Song-Beverly Act—sometimes referred to as California's lemon law—"is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 798.)  Among other things, it regulates warranty terms and imposes service and repair obligations on manufacturers who issue express warranties.  (See § 1793.2; *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, 1486.)  In the case of new motor vehicles, it provides if a vehicle cannot be repaired in a reasonable amount of time, the buyer has the right to either a replacement vehicle or restitution.  (See § 1793.2, subd. (d)(2); *Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1024-1025 (*Rheinhart*).)  A buyer who

---

[3]  After this case was fully briefed, the Supreme Court decided *EpicentRx, Inc. v. Superior Court* (2025) 18 Cal.5th 58.  In *EpicentRx*, both lower courts held unenforceable forum selection clauses designating the Delaware Court of Chancery as the applicable forum.  The lower courts concluded that enforcement of the clauses would be contrary to California public policy because the Delaware Court of Chancery did not recognize the right to a jury trial the plaintiffs would be afforded if the case were litigated in California. (*Id*. at p. 67.)  In reversing the lower courts, the Supreme Court held, "Even where enforcement of a forum selection clause may effectively deprive a plaintiff of the right to trial by jury, this circumstance alone does not provide a basis to avoid its enforcement." (*Id*. at p. 78.)  Although Thor's warranty contains a jury trial waiver, the Forest River warranty does not.  We do not find the issue in this case to concern the enforceability of a forum selection clause that includes a jury trial waiver and for that reason do not find the holding in *EpicentRx* particularly germane to the issues before us.  The issue of a jury trial waiver was never raised in the trial court proceedings below.  Instead, in the proceedings below plaintiffs contended only that the forum selection clauses were unenforceable because they constituted a waiver of their statutory rights in direct violation of provisions in the Song-Beverly Act and CLRA that expressly made the rights therein unwaivable.

3

prevails in an action under the Song-Beverly Act is entitled to reasonable attorney fees. (§ 1794, subd. (d).)

The CLRA makes unlawful various "unfair or deceptive acts or practices" related to the sale of consumer goods, including, "[i]nserting an unconscionable provision in the contract." (§ 1770, subd. (a)(19).) A consumer who suffers damages as a result of an act or practice made unlawful by the CLRA may bring an action to obtain actual damages; an order enjoining the unlawful act or practice; restitution; punitive damages; and any other relief the court deems proper. (§ 1780, subd. (a).) A prevailing plaintiff is also entitled to attorney fees. (§ 1780, subd. (e).)

### *Emmons et al. v. Forest River, Inc., et al. (C100189)*

Roxanne and Michael Emmons purchased a new RV manufactured by Forest River, Inc. (Forest River), and as part of the purchase, they signed a one-page "Customer Delivery and Warranty Registration Form" that stated, immediately above the signature line, "I have had the opportunity to review the FOREST RIVER, INC. Limited Warranty during the purchase of this unit." The "Limited Warranty" was a separate five-page document that described the terms of a one-year limited warranty covering certain defects in the RV. The last page—titled "Legal Remedies"—contained a forum selection clause and a choice of law clause. The forum selection clause provided, "Exclusive jurisdiction for deciding legal disputes related to this limited warranty, an alleged breach of warranty, breach of implied warranties, or representations of any kind must be filed in the courts within the state of Indiana." The choice of law clause provided, "This limited warranty shall be interpreted and construed in accordance with the laws of the State of Indiana," and, "Any and all claims or causes of action arising out of or relating to this limited warranty or implied warranty shall be governed by the laws of the state of Indiana . . . without giving effect to any conflict of law rules that would result in the application of the laws of a different jurisdiction."

The Emmonses claim the RV was plagued with defects and Forest River failed to correct the defects, replace the RV, or return the consideration paid. They filed a lawsuit against Forest River alleging a single cause of action for violation of the Song-Beverly Act.

Forest River sought to enforce the forum selection clause by filing a motion to stay the action pursuant to Code of Civil Procedure section 410.30, which provides, "When a court upon motion of a party . . . finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."[4] Recognizing that rights under the Song-Beverly Act were unwaivable, Forest River agreed to stipulate the act would apply to the Emmonses' claim, and it would not oppose a request that the Indiana court utilize the act to adjudicate that claim.

The Emmonses opposed the motion, arguing the forum selection clause, read in conjunction with the choice of law clause and other warranty terms, was unenforceable under the Song-Beverly Act's anti-waiver provision and was also unconscionable.

In its reply, Forest River noted that if any of the warranty's terms conflicted with the Song-Beverly Act, they should be severed, and the remainder of the warranty, including the forum selection clause, should be enforced.

The trial court granted the motion. It found that, by stipulating the Song-Beverly Act would apply, Forest River ensured that the substantive rights afforded to the Emmonses under California law would not be diminished. It also noted, "To the extent there is any doubt that the Indiana Court would . . . apply California law" based on the stipulation, that doubt was assuaged by the fact that Forest River sought to stay the action

---

**4** "The procedure for enforcing a forum selection clause is a motion [pursuant to Code of Civil Procedure section 410.30] to stay or dismiss for forum non conveniens." (*Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1294.)

5

rather than dismiss it, and if the Indiana court failed to apply California law, "this Court can lift the stay and this action may proceed here." The trial court also found that even if the choice of law clause was unlawful or void, it would sever that clause and enforce the remainder of the contract, including the forum selection clause. Finally, the trial court found the Emmonses had not established the forum selection clause was substantively unconscionable, particularly because Forest River stipulated the Song-Beverly Act would apply to the Emmons' claims.

***Wonacott et al. v. Thor Motor Coach, Inc., et al. (C099248)***

Joseph and Angela Wonacott purchased a new RV manufactured by Thor Motor Coach, Inc. (Thor), and as part of the purchase, they signed a sales contact and a two-page "Product Warranty Registration Form." The registration form contained a forum selection clause that stated, "I UNDERSTAND THAT EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF EXPRESS WARRANTY AND IMPLIED WARRANTIES . . . RESTS IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA," and a jury waiver that stated, "I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN A JURY." The registration form also stated, "Before I purchased my motorhome, I received, read and agreed to the terms and conditions of the Thor Motor Coach Limited Warranty and the Thor Motor Coach Structural Limited Warranty."

The limited warranties were explained in a separate document titled "Warranty Guide." Under the heading "Legal Remedies," it reiterated the forum selection clause and also contained a choice of law clause that stated, "THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ANY AND ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING IN CONTRACT, TORT, OR STATUTE,

SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT-OF-LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION."

Like the Emmonses, the Wonacotts claim the RV was plagued with defects, and Thor failed to repair the defects, replace the RV, or refund the purchase price. They filed a lawsuit against Thor alleging causes of action for violations of the Song-Beverly Act and the CLRA. The CLRA claim was based on the allegation that the warranty contained provisions that were unconscionable, including the forum selection clause and the choice of law clause.

Thor sought to enforce the forum selection clause by filing a motion to stay the action pursuant to Code of Civil Procedure section 410.30. Like Forest River, Thor stated it "will stipulate by this motion that Song-Beverly and the CLRA will apply to plaintiffs' warranty claims pursued in an action in Indiana and that they will not oppose a request that the Indiana court utilize Song-Beverly and the CLRA to adjudicate those allegations."

The Wonacotts opposed the motion, making largely the same arguments the Emmonses made.

The trial court granted the motion, finding that, by agreeing to stipulate that the Song-Beverly Act and the CLRA would apply, Thor met its burden of showing the Wonacotts' rights under those acts would not be diminished if the forum selection clause was enforced.

## DISCUSSION

### I

### *Applicable Law and Standard of Review*

" 'California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable. [Citation.]

7

This favorable treatment is attributed to our law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally.' [Citation.]  Indeed, ' "[f]orum selection clauses are important in facilitating national and international commerce, and as a general rule should be welcomed." [Citation.]' [Citation.]  [¶]  A mandatory forum selection clause . . . is generally given effect unless enforcement would be unreasonable or unfair. [Citations.]  ' " 'Mere inconvenience or additional expense is not the test of unreasonableness . . .' " of a mandatory forum selection clause.  [Citation.]' [Citation.]  A clause is reasonable if it has a logical connection with at least one of the parties or their transaction."**5** (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 146-147 (*Verdugo*).)

"Nonetheless, 'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.' [Citations.]  [¶]  The party opposing enforcement of a forum selection clause ordinarily 'bears the "substantial" burden of proving why it should *not* be enforced.' [Citations.]  '*That burden, however, is reversed when the claims at issue are based on unwaivable rights created by California statutes*.  In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded . . . under California law.' " (*Verdugo, supra*, 237 Cal.App.4th

---

**5**     Thor and Forest River are Indiana companies, and they manufacture their recreational vehicles in Indiana, which is sufficient to show the designated forum has a logical connection to at least one of the parties.  (See *Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1493, fn. 2 [upholding forum selection clause requiring suits to be filed in Dade County, Florida, where the defendants' principal place of business was in Miami, Florida, and noting, "[g]iven the nationwide scope of their operations, it is perfectly reasonable for defendants to have desired to limit the fora in which they are potentially subject to suit to their nationwide hub in Miami"].)

at p. 147, second italics added; see also *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1520-1524 [explaining why burden must be reversed in cases involving statutory rights that are unwaivable].)

The Song-Beverly Act and the CLRA both contain anti-waiver provisions. The Song-Beverly Act provides, "Any waiver by the buyer of consumer goods of the provisions of this chapter . . . shall be deemed contrary to public policy and shall be unenforceable and void." (§ 1790.1.) And the CLRA provides, "Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." (§ 1751.) The rights granted by both acts are thus unwaivable, which means the burden on a motion to enforce a forum selection clause is reversed in cases asserting claims thereunder. (See *Rheinhart, supra*, 92 Cal.App.5th at pp. 1034-1035 [burden reversed when the plaintiff asserts Song-Beverly Act claim]; *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 10-11 [burden reversed when the plaintiff asserts CLRA claim].) In order to meet its burden, the party seeking to enforce the clause must show either (1) that "the foreign forum provides the same or greater rights than California," or (2) that "the foreign forum will apply California law."[6] (*Verdugo, supra*, 237 Cal.App.4th at p. 157.)

We review an order enforcing a forum selection clause for abuse of discretion. (*Verdugo, supra*, 237 Cal.App.4th at p. 148; *America Online, Inc. v. Superior Court, supra*, 90 Cal.App.4th at p. 9.) "Under an abuse of discretion standard of review, the 'trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.] A 'court abuses its discretion " 'where no

---

[6] The trial courts in both consolidated cases properly placed the burden on Thor and Forest River.

reasonable basis for the action is shown.' " ' " (*In re Tobacco Cases II* (2015) 240 Cal.App.4th 779, 790.)

## II

### *Analysis*

We begin by noting the anti-waiver provisions in the Song-Beverly Act and the CLRA render the *choice of law clauses* in the warranties "contrary to public policy" and "unenforceable and void," at least in these two consolidated cases.[7] (§§ 1790.1, 1751.) "While 'California does not have any public policy against a choice of law provision, where it is otherwise appropriate' [citation] . . . [citation], 'an agreement designating [a foreign] law will not be given effect if it would violate a strong California public policy . . . [or] "result in an evasion of . . . a statute of the forum protecting its citizens." ' " (*Hall v. Superior Court* (1983) 150 Cal.App.3d 411, 416-417; see also *Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906, 917 [choice of law provision will generally be enforced, even if contained in contract of adhesion, unless, among other things, applying "the chosen law is contrary to a fundamental policy of California"]; *1-*

---

[7] That does not mean they are unenforceable in all lawsuits filed in California. As Thor notes, a buyer could bring a warranty-related claim under the California Uniform Commercial Code, which does not contain an anti-waver provision and which expressly allows choice of law clauses. (Cal. U. Com. Code, § 1301, subd. (a); see, e.g., *Zastawnik v. Thor Motor Coach Inc.* (N.D.Ind. Mar. 21, 2025, No. 3:23-CV-577-CCB) 2025 U.S. Dist LEXIS 52452 [the plaintiff brought claims for breach of warranty under both Song-Beverly Act and Cal. U. Com. Code].) A buyer could also bring a common law fraud claim, which would arguably be a claim "relating to . . . representations of any kind," and thus encompassed by the warranty's choice of law clause. (See, e.g., *Krieger v. Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 210 [the plaintiff brought Song-Beverly Act claim and claim for misrepresentation].) In either case, the choice of law provision might well be enforceable. (See *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 462 ["strong policy considerations favor[] the enforcement of freely negotiated choice-of-law clauses"].) Nonetheless, we are concerned with the enforceability of the forum selection clauses *in these cases*—not in some hypothetical case that could be brought by some other buyer.

10

*800-Got Junk? LLC v. Superior Court* (2010) 189 Cal.App.4th 500, 512 ["choice of law provisions are enforceable, unless grounds exist for not enforcing them"].) Where a California statute contains an anti-waiver provision, and where a plaintiff brings a claim seeking to vindicate its rights under that statute, then a foreign choice of law clause "violates . . . the public policy of this state" and enforcement of the clause will be denied as "unreasonable." (*Hall*, at p. 418.) Thor and Forest River do not seriously suggest otherwise. Indeed, that is presumably why they offered to stipulate the Song-Beverly Act and the CLRA would apply to plaintiffs' claims in an Indiana court, even though the choice of law clauses state Indiana law would apply to such claims.

Moreover, at least some of the warranties' terms conflict with the Song-Beverly Act, and are thus contrary to public policy, unenforceable, and void. For example, the Forest River warranty states its "SOLE OBLIGATION" "is to repair" the vehicle. And Thor's warranty states its "sole and exclusive obligation is to repair any covered defects," and if it cannot do so, it will "pay diminished value damages." The Song-Beverly Act, however, provides that if the manufacturer is unable to repair a new motor vehicle "after a reasonable number of attempts," the manufacturer "shall either promptly replace the new motor vehicle . . . or promptly make restitution to the buyer." (§ 1793.2, subd. (d)(2).)

As noted above, in a case involving unwaivable rights, a party seeking to enforce a forum selection clause has the burden of proving one of two things—either (1) that the designated forum "provides the same or greater rights than California," or (2) that the designated forum "will apply California law." (*Verdugo, supra*, 237 Cal.App.4th at p. 157.) Thor and Forest River chose the second option,[8] and in both cases, the trial court found their proffered stipulations were sufficient to carry their burden.

---

[8] Thor and Forest River do not contend Indiana provides the same or greater rights as California. Indiana has a lemon law (known as the Motor Vehicle Protection Act), but

11

Plaintiffs argue enforcing the stipulation violates public policy, and they support their argument by citing two recent cases out of the Second Appellate District that held the forum selection clauses at issue in this case were unenforceable. The California Supreme Court has granted review in both cases, and plaintiffs thus cite them for their persuasive value.

The first case is *Lathrop v. Thor Motor Coach, Inc., supra*, 105 Cal.App.5th 808 (*Lathrop*), review granted. The plaintiffs in that case purchased a Thor motorhome that contained the same warranty at issue here. (*Id*. at p. 812.) As in this case, the plaintiffs sued Thor under the Song-Beverly Act and the CLRA, and Thor filed a motion to stay the action based on the forum selection clause, and it agreed to stipulate that the " 'substantive provisions' " of the Song-Beverly Act and the CLRA would apply to the plaintiffs' claims. (*Lathrop*, at p. 814.) The trial court granted the motion, and the appellate court reversed, finding "that enforcing the forum selection clause in reliance on Thor's proposed stipulation would violate California public policy and that, even if it didn't, Thor's proposed stipulation was insufficient to protect the [plaintiffs'] unwaivable statutory rights." (*Id*. at p. 812.)

The *Lathrop* court began by noting that because both the Song-Beverly Act and the CLRA contained anti-waiver provisions, the burden was on Thor "to show an Indiana court would provide 'the same or greater rights than California' or would 'apply California law on the claims at issue.' " (*Lathrop, supra*, 105 Cal.App.5th at p. 818,

---

it excludes "motor homes" and only covers "self-propelled vehicles," which would exclude RVs and RV trailers. (Ind. Code § 24-5-13-5.) Indiana's lemon law also only covers vehicles sold to a buyer in Indiana, so it would not cover plaintiffs even if it covered RVs and RV trailers. (*Ibid*.) In its brief on appeal, Thor states we "should . . . take note that Indiana law . . . provides robust remedies against motorhome manufacturers for breach of warranties and deceptive business practices." Even if this is true, Thor's burden is to show Indiana law "provides the same or greater rights than California," not that it provides robust rights or remedies. (*Verdugo, supra*, 237 Cal.App.4th at p. 157.)

12

review granted.)  The court noted that although Indiana had a lemon law similar to California's, it did not apply to RVs like the Song-Beverly Act did.  (*Lathrop*, at p. 818, fn. 4.)  The court also noted that some of the terms of the express warranty were less protective than the Song-Beverly Act, and if an Indiana court enforced those terms, the plaintiffs would be deprived of their rights under the act.  (*Lathrop*, at pp. 818-819.)  Finally, the court noted litigating "in Indiana under Indiana law" could deprive the plaintiffs of their unwaivable right to a jury trial, and Thor failed to cite any authority demonstrating a predispute jury waiver is unenforceable under Indiana law.  (*Id*. at p. 819 & fn. 6.)  The court thus found Thor failed to show Indiana provided the same or greater rights than California.

Thor argued its stipulation was sufficient to demonstrate an Indiana court would apply California law to the plaintiffs' claims.  The court found the stipulation "was essentially a request the trial court sever the unenforceable portions" of the warranty, including the choice of law provision, "and enforce the remainder," including the forum selection provision, and it thus "look[ed] to case law governing severance of unlawful or unconscionable provisions in a contract."  (*Lathrop, supra*, 105 Cal.App.5th at p. 820, review granted.)  That case law—in particular, *Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478 (*Ramirez*) and *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*)—teaches that even if a contract's unlawfulness or unconscionability " '*can* be cured purely through severance or restriction of its terms,' " " 'the court should also ask whether the [unlawfulness or] unconscionability *should* be cured through severance or restriction because the interests of justice would be furthered by such actions.' (*Ramirez*, at p. 516; see *Armendariz*, at p. 124 ['The overarching inquiry is whether " 'the interests of justice . . . would be furthered' " by severance.'].)  'In conducting this analysis, the court may . . . consider the deterrent effect of each option.' (*Ramirez*, at p. 517.)"  (*Lathrop*, at p. 820.)

13

The *Lathrop* court then found, "Assuming without deciding the unenforceable provisions" in the warranty *could* be cured by severance, doing so "would *not* further the interests of justice." (*Lathrop, supra*, 105 Cal.App.5th at p. 820, italics added, review granted.)  It explained, "Thor acknowledges its choice-of-law provision and jury waiver are unenforceable under the Song-Beverly Act, yet it routinely includes those provisions in its Limited Warranty when it sells a motorhome in California.  When a customer files an action in California and argues the provisions are unenforceable, Thor offers to stipulate not to enforce the unenforceable provisions, in exchange for the court enforcing the Indiana forum selection clause.  Even if Thor's stipulation protects the rights of the plaintiffs who are savvy enough to obtain experienced legal representation, file in California, and argue the forum selection clause implicates their unwaivable statutory rights, other California consumers, compelled by the forum selection clause, may file suit in Indiana and only later discover that Indiana's lemon law does not cover motorhomes and that they have given up unwaivable California statutory rights.  Still others may be deterred from pursuing their claims at all." (*Id*. at pp. 820-821, fn. omitted.)  Moreover, "Accepting Thor's proposed stipulation and enforcing its forum selection clause would . . . create an incentive for Thor to continue to include admittedly unenforceable provisions in its warranties and would deter Thor from revising its warranty to comply with California law." (*Id*. at p. 821.)

The second case is *Hardy v. Forest River, Inc., supra*, 108 Cal.App.5th 450 (*Hardy*), review granted.  The plaintiff in *Hardy* sued Forest River for breach of warranty, and Forest River moved to stay or dismiss the action based on the same forum selection clause at issue in this case, and it offered to stipulate the Song-Beverly Act would apply to the plaintiff's warranty claims pursued in an action in Indiana. (*Hardy*, at p. 454.)  The trial court granted the motion and stayed the action, and the appellate court reversed, holding the trial court "erred . . . in its conclusion that a stipulation to apply California law . . . would remedy the waiver of nonwaivable rights." (*Id*. at p. 454.)

14

The *Hardy* court noted, "Whether Forest River is willing now to abide by the Song-Beverly Act, does not change the fact that the warranty as written, choosing Indiana law, is void and against public policy as to California consumers, and hence substantively unconscionable." (*Hardy, supra*, 108 Cal.App.5th at pp. 458-459, review granted.) Like the *Lathrop* court, the *Hardy* court also found that severing the choice of law clause and the other warranty terms that are contrary to the Song-Beverly Act and enforcing the forum selection clause "would violate California public policy" by creating an incentive for Forest River " 'to continue to include admittedly unenforceable provisions in its warranties and would deter [it] from revising its warranty to comply with California law.' " (*Hardy*, at p. 460.)

We agree with the reasoning in *Lathrop* and *Hardy* and adopt it here. Given that the Supreme Court has granted review in those case and will resolve this issue in due course, and to borrow a phrase from another recent and unpublished case from the First District, Division Three discussing this issue, "we will not spill further ink" on the subject. We would add only that we are not convinced severing the choice of law clause would be an appropriate remedy in this case for an additional reason. After all, Thor and Forest River did not stipulate to severing the choice of law clause. Instead, they stipulated that the Song-Beverly Act and the CLRA would apply to plaintiffs' claims in Indiana court. In order to carry *that* stipulation into effect, a court would have to rewrite the parties' agreement,[9] not simply sever an offending provision or two. (*Ramirez, supra*, 16 Cal.5th at p. 516 ["Courts cannot 'rewrite agreements and impose terms to which neither party has agreed' "]; *Armendariz, supra*, 24 Cal.4th at p. 125 [although court has power to sever unconscionable provisions from contract, it lacks power to "reform the contract" or "augment[] it with additional terms"].)

---

[9]     In effect, a court would have to rewrite the choice of law clause to state claims for breach of warranty would be governed by California law rather than Indiana law.

None of Thor's or Forest River's arguments to the contrary persuade (and most, if not all, were addressed by *Lathrop* and/or *Hardy*). For example, Thor argues a "long line of California authority states that a party's unilateral stipulation to apply California law in the agreed-to-forum is sufficient to meet that party's burden to establish that enforcement of a forum selection clause will not diminish the opponent's unwaivable California rights," and Forest River makes a similar argument. Not so. As *Lathrop* and *Hardy* note, although one case—*Verdugo, supra*, 237 Cal.App.4th at page 145—remarked in passing that the defendant "could have eliminated any doubt about which law would apply . . . by stipulating to have the [foreign] courts apply California law," it also noted the defendant "*did not do so*." (Italics added.) Because the defendant did not actually stipulate, "the discussion of a possible stipulation in *Verdugo* is clearly dicta, as the court did not reach the issue of whether an actual stipulation made the forum selection clause enforceable." (*Hardy, supra*, 108 Cal.App.5th at p. 461, review granted; see also *Lathrop, supra*, 105 Cal.App.5th at p. 823, review granted [noting *Verdugo* "discussed the possibility a defendant might be able to stipulate to apply California law, but did not squarely decide whether such a stipulation would make a forum selection clause enforceable"].) The two other cases cited by Thor simply quote or describe *Verdugo*'s language about the defendant's failure to stipulate, but also do not involve an actual stipulation. (*Rheinhart, supra*, 92 Cal.App.5th at p. 1033; *Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729, 736, overruled on other grounds in *EpicentRx, Inc. v. Superior Court, supra*, 18 Cal.5th at p. 84, fn. 7.) As the *Hardy* court accurately noted, " 'A case is not authority for a proposition not considered therein or an issue not presented by its own particular facts.' " (*Hardy*, at p. 462.) Moreover, and more importantly for our purposes,

16

*none* of these cases address the public policy concerns on which *Lathrop* and *Hardy* are based and which we find persuasive.[10]

Thor and Forest River note their RVs are sold nationwide. Thor faults *Lathrop* for failing "to recognize the value, and indeed the necessity, of including *standardized* language in national consumer agreements." It argues, "it is simply not reasonable to require Indiana manufacturers to draft some 50 different warranties, adapted to each jurisdiction's ever-evolving laws, especially when they don't know [in which state] the vehicle will be sold," and Forest River makes a similar argument. We have no doubt it is easier for a manufacturer to use one warranty for all 50 states, but if that warranty includes provisions that the California Legislature has deemed "contrary to public policy" and "unenforceable and void," then the manufacturer can hardly complain when California courts refuse to enforce them on public policy grounds. Thor also faults the *Lathrop* court for assuming the choice of law provision and other unenforceable provisions in its warranty were included in bad faith. We are not convinced *Lathrop* assumed Thor included those provisions in bad faith. Indeed, the only mention of bad faith in *Lathrop* is in a parenthetical. (*Lathrop, supra*, 105 Cal.App.5th at p. 822, review granted.)

Thor faults *Lathrop* for citing deterrence as a basis for not enforcing the forum selection clause, because "dictating the future conduct of parties *not* before it was not a proper basis for deciding the contractual rights and obligations of the parties that *were*

---

[10]  In other words, even if a stipulation would ensure an Indiana court applied California law, enforcing the forum selection clause would still violate public policy because it would "create an incentive for Thor to continue to include admittedly unenforceable provisions in its warranties and would deter Thor from revising its warranty to comply with California law" (*Lathrop, supra*, 105 Cal.App.5th at p. 821, review granted), and "would function to condone an illegal practice" (*Hardy, supra*, 108 Cal.App.5th at p. 460, review granted).

before it."[11]  Thor cites no legal authority to support its argument.  Moreover, *Lathrop* cited deterrence because our Supreme Court stated in *Ramirez* and *Armendariz* that is an appropriate thing to consider when deciding whether to sever unconscionable or illegal provisions in a contract.  (See *Ramirez, supra*, 16 Cal.5th at p. 517 ["severing multiple unconscionable provisions from an agreement and enforcing the remainder could 'create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place' "]; *Armendariz, supra*, 24 Cal.4th at p. 125, fn. 13 ["An employer will not be deterred from routinely inserting [an unlawful] clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter. In that sense, the enforcement of a form arbitration agreement containing such a clause drafted in bad faith would be condoning, or at least not discouraging, an illegal scheme, and severance would be disfavored unless it were for some other reason in the interests of justice"].)

Thor argues nothing in the Song-Beverly Act or the CLRA guarantees California consumers an unwaivable right to have their claims tried in a California court or prohibits forum selection clauses.  We agree.  The Legislature knows how to guarantee a California forum or prohibit a forum selection clause for certain types of cases.  (See, e.g., Bus & Prof. Code, § 20040.5 ["A provision in a franchise agreement restricting venue to a forum

---

[11]  *Lathrop* mentioned two types of deterrence.  First, the choice of law clause coupled with the choice of forum clause might deter some buyers "from pursuing their claims at all."  (*Lathrop, supra*, 105 Cal.App.5th at p. 821, review granted.)  Second, enforcing the forum selection clause in reliance on Thor's stipulation that California law would apply "would deter Thor from revising its warranty to comply with California law."  (*Ibid*.)  Only the first type of deterrence involves the conduct of parties not before the court.

18

outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state"]; Code Civ. Proc., § 116.225 ["An agreement . . . establishing a forum outside of California for an action arising from an offer or provision of goods, services, property, or extensions of credit primarily for personal, family, or household purposes that is otherwise within the jurisdiction of a small claims court of this state is contrary to public policy and is void and unenforceable"]; Lab. Code, § 925 ["An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . [¶] (1) Require the employee to adjudicate outside of California a claim arising in California"].) The fact that it has not done so in the Song-Beverly Act or the CLRA supports Thor's argument that forum selection clauses are not per se prohibited by either act.[12] (See, e.g., *Diaz v. Grill Concepts Services, Inc.* (2018) 23 Cal.App.5th 859, 875 ["Our Legislature knows how to make the imposition of a penalty discretionary (e.g., Lab. Code, § 2699); its decision not to do so in Labor Code section 203 must be given effect"].) Although we agree forum selection clauses are not

---

[12] Thor asks us to judicially notice certain legislative history materials that it contends demonstrates the Song-Beverly Act and the CLRA do not prohibit or void forum selection clauses. We deny the request because we agree with Thor's core argument and thus find that the materials not "necessary, helpful, or relevant" to our resolution of this issue. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6; see also *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 ["[A]s a 'reviewing court' (Evid. Code, § 459, subd. (a)), we *must* take judicial notice of some matters (*id*., § 451) and *may* take judicial notice of others (*id*., § 452). There is, however, a precondition to the taking of judicial notice in either its mandatory or permissive form—any matter to be judicially noticed must be relevant to a material issue"].) We also deny Thor's request that we judicially notice an amicus curiae letter filed by the National RV Dealers Association in *Lathrop v. Thor Motor Coach, Inc.*, case No. S287893, because that letter is not relevant to our resolution of these appeals.

per se prohibited, that does not change our conclusion that enforcing the forum selection clauses in these cases would violate public policy for the reasons stated herein.

Given our conclusion that enforcing the forum selection clause would violate public policy, we need not, and do not, address the other issues raised by the parties.

## DISPOSITION

The orders granting Thor's motion to stay and Forest River's motion to stay are reversed, and the trial courts are directed to enter new orders denying each motion. The Emmonses and the Wonacotts shall recover their costs on appeal. (Cal. Rules of Court, rule 8.275(a)(1) & (2).)


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
BOULWARE EURIE, J.


_____/s/_____
MESIWALA, J.